IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MWANDISHI MITCHELL,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | |
| : | No. 11-2219 |
| **DEPARTMENT OF CORRECTIONS,** : | |
| **et. al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER

**AND NOW**, this 12th day of February 2014, upon a de novo review of Judge Caracappa's report and recommendation (doc. no. 31), and plaintiff's objections thereto (doc. no . 36), **IT IS HEREBY ORDERED** that:

1.)   Plaintiff's objections (doc. no. 36) are **OVERRULED**;[1]

---

[1] I review de novo those portions of the magistrate judge's report to which timely and specific objection is made. 28 U.S.C. § 636(b)(1); Gonev v. Clark, 749 F.2d 5, 6 (3d Cir.1984). Where objections are untimely, general, or not filed at all, I need only "give some reasoned consideration to the magistrate's report," Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.1987), and review it for clear error, see Fed.R.Civ.P. 72(b) advisory committee's note. In any case, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 676 (1980).

Mr. Mitchell makes only two objections to Judge Caracappa's report and recommendation.  First, he claims that Judge Caracappa erroneously applied a heightened pleading standard, but Mr. Mitchell clearly misunderstands Judge Caracappa's report.  If anything, Judge Caracappa's report demonstrates the heavy burden of proof a prisoner must satisfy in order to win a claim under the Eighth Amendment, and she concluded that Mr. Mitchell failed to plead sufficient facts to establish a plausible claim of cruel and unusual punishment.  I find that Judge Caracappa correctly applied the Twombly standard to the facts in the amended complaint, and I adopt her findings.

Next, Mr. Mitchell correctly notes that Judge Caracappa did not address his 42 U.S.C. § 1983 conspiracy claim.  However, Judge Caracappa's rejection of Mr. Mitchell's Eight and Fourteenth Amendment claims implicitly dismissed Mr. Mitchell's conspiracy claim as well.  A prerequisite for a § 1983 conspiracy claim is a violation of the plaintiff's federally guaranteed constitutional and civil rights.  Since Mr. Mitchell has not plausibly pleaded a federal claim, his conspiracy claim necessarily fails.

The remainder of Mr. Mitchell's filing can hardly be called an objection.  Rather, Mr. Mitchell has re-filed his response to defendants' motion to dismiss verbatim and inserted the word objection in a few key locations.  By

    2.)       Judge Caracappa's report and recommendation (doc. no. 31) is **APPROVED** and **ADOPTED;**

    3.)       Defendants' motion to dismiss (doc. no. 27) is **GRANTED;**

    4.)       Plaintiff's motion for leave to file an amended complaint is **DENIED;**

    5.)       The clerk is directed to mark this case **CLOSED.**

                                                     BY THE COURT

                                                /s/Lawrence F. Stengel
                                                LAWRENCE F. STENGEL, J.

---

simply reiterating the same arguments which the Magistrate Judge found unpersuasive, Mr. Mitchell fails to draw my attention to any flaws in Judge Caracappa's analysis. As such, I have reviewed the remainder of the report and recommendation and find it to be well reasoned and free from clear error.

Finally, I will deny Mr. Mitchell's request for leave to file a second amended complaint, because I find that such an amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). I have already granted Mr. Mitchell leave to amend his complaint once, and the amended complaint, which is counseled, is largely meritless. First, Mr. Mitchell asserts a claim for intentional infliction of emotional distress against the Commonwealth despite that such a claim is clearly barred by sovereign immunity. See 42 Pa.C.S. § 8522. Next, he asserts a violation of his due process rights in the prison grievance system, but it is well settled that prisoners have no liberty interest in prison grievance procedures. See, e.g., Fears v. Beard, 532 F. App'x 78, 81 (3d Cir. 2013) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir.2001)). He also seeks to impose Monell liability on the Commonwealth of Pennsylvania, even though plaintiffs may only use Monell against municipalities. The fact that he persists with these claim in his "objections" without any basis in law convinces me that this action is frivolous and should not be allowed to continue.